UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.       CAUSE NO. 3:24-CV-187-HAB-SLC

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed an amended complaint. At this stage of the proceedings, Mayberry may amend his complaint once as a matter of course. *See* Fed. R. Civ. P. 12(a)(1). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "After excising the allegations not entitled to the presumption, we determine whether the remaining factual allegations plausibly suggest an entitlement to relief." *Id.*

In a prior screening order, the court allowed Mayberry to proceed on the following claims:

- An Eighth Amendment claim against Aramark Correctional Services Representative Johnson in her individual capacity based on allegations that the fruits and vegetables in the kosher meals he is served at Indiana State Prison are routinely spoiled and rotten, leaving him with inadequate nutrition;

- An Establishment Clause claim against IDOC Religious Director David Liebel in his individual capacity for failing to provide celebratory feasts in 2023 for Islamic holidays on par with those provided for Christian and Jewish holidays;

- An injunctive relief claim against Warden Ron Neal in his official capacity to obtain a diet that complies with his sincere religious belief to regularly consume halal meat from herbivorous animals and to eat food prepared only by Muslims to the extent required by RLUIPA;

- An injunctive relief claim against Warden Ron Neal in his official capacity to be able to celebrate the Muslim holidays of 'Eid al-Fitr and 'Eid ul-Adha as required by his sincere religious beliefs to the extent required by RLUIPA.

ECF 10.

In the amended complaint, Mayberry seeks to add a claim against Warden Neal, Director Liebel, Kitchen Supervisor Johnson, and Kitchen Supervisor Peeples because he has received dirty drinking water and spoiled food at the Indiana State Prison since February 10, 2023. He alleges that each of these defendants "through direct and/or indirect acts and omissions and/or administrative practice, policy, and enforcement, have ordered, condoned, and/or authorized Aramark and IDOC staff to deny me clean drinking water and a proper halal diet." With respect to his diet, he is specifically concerned about peanut butter and jelly sandwiches because he lacks sufficient information regarding their ingredients to determine whether they qualify as halal. He alleges that he verbally complained to Kitchen Supervisor Johnson, and Kitchen

Supervisor Peeples about these issues. In the prior screening order, the court found that providing a vegetarian kosher diet to an inmate seeking a halal diet for religious purposes did not violate his constitutional rights. ECF 10 at 2-4. For the same reasons, Mayberry may not proceed on his allegations regarding an improper halal diet. Mayberry separately alleges Kitchen Supervisor Johnson, and Kitchen Supervisor Peeples have served him rotten and spoiled fruits and vegetables.

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* " It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). To hold an individual defendant liable for deliberate indifference, the complaint must allege the defendant was personally involved in the alleged deprivation of a constitutional right. *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023).

"Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). "[A]n official capacity suit will be presumed when the indicia of an official policy or custom are present in the complaint." *Id.* at 1373. To pursue a claim under Section 1983 against a local governmental entity or a corporate entity, a plaintiff must show that his constitutional injury was the result of that entity's official policy or practice. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However,

"neither a State nor its officials acting in their official capacities are persons under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Mayberry adequately states an Eighth Amendment claim against Kitchen Supervisor Johnson, and Kitchen Supervisor Peeples based on the allegations that he has received dirty drinking water and spoiled fruit and vegetables. However, disregarding the legal conclusions leaves no factual allegations suggesting that Director Liebel and Warden Neal were personally involved in denying Mayberry clean water or providing him with spoiled food. To the extent that Mayberry is pursuing a policy or practice claim against these defendants in their official capacity, he is effectively suing their employer. He cannot proceed on a claim against the State or its officials in their official capacity, including Director Liebel and Warden Neal. However, he may proceed on a policy and practice claim regarding the unclean drinking water and spoiled food against Aramark, the corporate employer of Kitchen Supervisor Johnson and Kitchen Supervisor Peeples.

Mayberry is also seeking to add an Equal Protection claim against Director Liebel, Warden Neal, Kitchen Supervisor Johnson, and Kitchen Supervisor Peeples because they have accommodated inmates of the Jewish faith by creating a kosher kitchen and hiring a rabbi while denying similar treatment for inmates of the Islamic faith. "A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). "Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences." *Id.* "It implies that the decisionmaker singled out a

4

particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.* The amended complaint contains no suggestion that the defendants have accommodated only inmates of Jewish faith for the purpose of causing inmates of Islamic faith adversity. Therefore, Mayberry may not proceed on this claim under the Equal Protection Clause.

It further appears that Mayberry is seeking to add Warden Neal, Kitchen Supervisor Johnson, and Kitchen Supervisor Peeples to the Establishment Clause claim against Director Liebel for failing to provide celebratory feasts in 2023 for Islamic holidays on par with those provided for Christian and Jewish holidays. He may proceed on this claim against these three additional defendants. Accordingly, the Court:

(1) GRANTS Timothy Marcus Mayberry leave to proceed against Theresa Johnson and Wayne Peeples in their individual capacities on an Eighth Amendment claim for monetary damages for serving him rotten fruit and vegetables and dirty drinking water;

(2) GRANTS Timothy Marcus Mayberry leave to proceed against Aramark on an Eighth Amendment claim for monetary damages for maintaining a policy or practice of serving him rotten fruit and vegetables and dirty drinking water;

(3) GRANTS Timothy Marcus Mayberry leave to proceed against IDOC Religious Director David Liebel, Warden Neal, Theresa Johnson, and Wayne Peeples in their individual capacities for monetary damages for failing to provide celebratory

feasts in 2023 for Islamic holidays on par with those provided for Christian and Jewish holidays to the extent required by the Establishment Clause;

(4) GRANTS Timothy Marcus Mayberry leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to obtain a diet that complies with his sincere religious belief to regularly consume halal meat from herbivorous animals and to eat food prepared only by Muslims to the extent required by RLUIPA;

(5) GRANTS Timothy Marcus Mayberry leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to be able to celebrate the Muslim holidays of 'Eid al-Fitr and 'Eid ul-Adha as required by his sincere religious beliefs to the extent required by RLUIPA;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Aramark, Theresa Johnson, and Wayne Peeples at Aramark with a copy of this order and the amended complaint (ECF 15);

(8) ORDERS Aramark to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), the defendants to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 3, 2024.

                                                s/Holly A. Brady
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT