UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                          CAUSE NO. 3:24-CV-187-HAB-SLC

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion for a temporary restraining order to obtain clean drinking water and adequate nutrition. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "The standards for granting a temporary restraining order and a preliminary injunction are the same." *Cassell v. Snyders*, 458 F. Supp. 3d 981, 990 (N.D. Ill. 2020).

On October 3, 2024, the court granted Mayberry leave to proceed on five claims based on his amended complaint, but only two claims are relevant to the allegations in the motion for a temporary injunction. Specifically, he proceeds on an Eighth

Amendment claim against Theresa Johnson and Wayne Peeples for serving him rotten fruit and vegetables and failing to provide him with clean drinking water and on an Eighth Amendment claim against Aramark for maintaining a policy or practice of serving him rotten fruit and vegetables and failing to provide him with clean drinking water.[1] ECF 17.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.*

In the motion for a temporary restraining order, Mayberry represents that the water from the sink in his cell is unsafe to drink and that he has been on lockdown since

---

[1] The screening order framed these claims as alleging that the Aramark defendants provided him with dirty drinking water, and the amended complaint has some language to support this framing. ECF 15 at 7. However, the motion for a temporary restraining order suggests the Aramark defendants do not serve him any water and that a more appropriate framing of the claims is that the Aramark defendants failed to provide him with clean drinking water.

May 12, 2025. Though Mayberry broadly asserts that the defendants have refused to provide safe drinking water to inmates during past lockdowns, he does not allege that correctional staff or any defendant have refused Mayberry's requests for safe drinking water during the immediate lockdown. To the contrary, in a prior filing, Mayberry attested to the presence of a filtered spigot in the cellhouse and that a correctional officer brought him water from it at his request during a recent lockdown on March 11, 2025. ECF 80 at 4. He also attested that correctional staff allow him to obtain filtered water during his "trips to get legal mail." *Id.* at 2 n.4. Mayberry's litigation history reflects that he is actively litigating numerous cases and appeals pending in State and federal court. The sheer volume of docket entries of these proceedings suggest that Mayberry has received legal mail regularly since the outset of this case and since May 12, 2025. On this evidentiary record, the court cannot find that Mayberry is likely to succeed on the merits of his claims pertaining to unsafe drinking water or that his level of access to safe drinking water will result in irreparable harm.

Mayberry also alleges that the Aramark defendants are serving him spoiled fruit and vegetables on a daily basis, which deprives him of adequate nutrition. The court has recently considered these allegations in the context of assessing whether Mayberry had credibly alleged that he was in imminent danger of physical harm. ECF 61, ECF 76, ECF 108. Specifically, Mayberry had alleged that these food quality issues have persisted since February 2023 and that he has relied entirely on Aramark for food since September 2024. On three separate occasions, the court declined to credit these allegations due to the lack of reliable evidence substantiating that he had suffered

3

significant weight loss or any other medical concern associated with inadequate nutrition. Mayberry provides no new evidence, so he has not satisfied his burden of persuasion here. Consequently, the court declines to grant a temporary restraining order based on the allegations of inadequate nutrition on this evidentiary record.

For these reasons, the court DENIES the motion for a temporary restraining order (ECF 133).

SO ORDERED on May 21, 2025.

    s/Holly A. Brady             
    CHIEF JUDGE
    UNITED STATES DISTRICT COURT