UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                      CAUSE NO. 3:24-CV-187-HAB-SLC

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion to amend the complaint. ECF 106. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In the interest of justice, the court grants the motion for leave to amend. Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

On October 3, 2024, the court granted Mayberry leave to proceed on the following claims based on his first amended complaint:

> (1) An Eighth Amendment claim against Theresa Johnson and Wayne Peeples in their individual capacities for monetary damages for serving him rotten fruit and vegetables and failing to provide clean drinking water;

 (2) An Eighth Amendment claim against Aramark for monetary damages for maintaining a policy or practice of serving him rotten fruit and vegetables and failing to provide clean drinking water;

 (3) An Establishment Clause claim against IDOC Religious Director David Liebel, Warden Neal, Theresa Johnson, and Wayne Peeples in their individual capacities for monetary damages for failing to provide celebratory feasts in 2023 for Islamic holidays on par with those provided for Christian and Jewish holidays;

 (4) An injunctive relief claim against Warden Ron Neal in his official capacity to obtain a diet that complies with his sincere religious belief to regularly consume halal meat from herbivorous animals and to eat food prepared only by Muslims to the extent required by Religious Land Use and Institutionalized Persons Act (RLUIPA); and

 (5) An injunctive relief claim against Warden Ron Neal in his official capacity to be able to celebrate the Muslim holidays of Eid al-Fitr and Eid ul-Adha as required by his sincere religious beliefs to the extent required by RLUIPA.

ECF 17.

With respect to Claim 1, Mayberry seeks to add Ron Neal, Nicole Messacar, Christina Reagle, Lloyd Arnold and Supervisor Greer as defendants. With respect to Claim 2, he seeks to add Michigan City and Laporte County as defendants. With respect to Claim 3, he seeks to add Christina Reagle, Lloyd Arnold and Supervisor Greer as defendants and to extend the timeframe of this claim to March 2025. Though Mayberry may otherwise proceed on his amended claims, the court will not allow Mayberry to proceed against Nicole Messacar, Michigan City, or LaPorte County for the following reasons.

"A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*,

538 F.3d 763, 776 (7th Cir. 2008). With respect to Claim 1, Mayberry adequately alleges the personal involvement of four new defendants by alleging that they have implemented policies depriving him of access to safe drinking water and that they have refused to provide him with safe drinking water despite his complaints. By contrast, Mayberry provides only conclusory allegations to describe the personal involvement of Nicole Messacar, whom Mayberry identifies as the supervisor at the Indiana Department of Environmental Management, in violating his constitutional rights. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("In reviewing the sufficiency of a complaint under the plausibility standard . . ., we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."). It is true that supervisors can be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see," *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012), but the court is unable to identify any non-conclusory allegations suggesting that Messacar is even aware of Mayberry's limited access to safe drinking water.

      The court finds that the allegations regarding Michigan City and Laporte County are similarly conclusory. Further, it does not appear that these local governmental entities have a constitutional obligation to provide Mayberry with safe drinking water. Under the Eighth Amendment, "*prison officials* must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

(italics added). Michigan City and Laporte County are not prison officials, and there is no indication that they are acting on behalf of prison officials.[1] Rather, they are separate legal entities from the State of Indiana, the governmental entity holding Mayberry in custody. *See e.g., Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are persons under § 1983."); *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief."). Nor does it appear that Michigan City and Laporte County have any constitutional obligation to provide safe drinking water based on Mayberry's status as a resident. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("[The Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without due process of law, but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."). Consequently, Mayberry may not proceed against Nicole Messacar, Michigan City, or Laporte County.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 106);

(2) DIRECTS the clerk to docket ECF 106-1 as an amended complaint;

(3) GRANTS Timothy Marcus Mayberry leave to proceed against Theresa Johnson, Wayne Peeples, Ron Neal, Christina Reagle, Lloyd Arnold and Supervisor

---

[1] It also seems unlikely that Nicole Messacar could be fairly characterized as a prison official, though she is allegedly employed by the State of Indiana.

Greer in their individual capacities on an Eighth Amendment claim for monetary damages for serving him rotten fruit and vegetables and for failing to provide safe drinking water;

(4) GRANTS Timothy Marcus Mayberry leave to proceed against Aramark on an Eighth Amendment claim for monetary damages for maintaining a policy or practice of serving him rotten fruit and vegetables and failing to provide safe drinking water;

(5) GRANTS Timothy Marcus Mayberry leave to proceed against IDOC Religious Director David Liebel, Warden Neal, Theresa Johnson, Wayne Peeples, Christina Reagle, Lloyd Arnold, and Supervisor Greer in their individual capacities for monetary damages for failing to provide celebratory feasts from 2023 through March 2025 for Islamic holidays on par with those provided for Christian and Jewish holidays to the extent required by the Establishment Clause;

(6) GRANTS Timothy Marcus Mayberry leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to obtain a diet that complies with his sincere religious belief to regularly consume halal meat from herbivorous animals and to eat food prepared only by Muslims to the extent required by RLUIPA; and

(7) GRANTS Timothy Marcus Mayberry leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to be able to celebrate the Muslim holidays of 'Eid al-Fitr and 'Eid ul-Adha as required by his sincere religious beliefs to the extent required by RLUIPA;

(8) DISMISSES Nicole Messacar, Michigan City, and Laporte County;

(9) DISMISSES all other claims;

(10) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Supervisor Greer at Aramark with a copy of this order and the amended complaint (ECF 106-1);

(11) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ron Neal, Christina Reagle, and Lloyd Arnold at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 106-1);

(12) ORDERS Aramark and the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(13) ORDERS, under 42 U.S.C. § 1997e(g)(2), the defendants to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 29, 2025.

s/ Holly A. Brady  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT