UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.         CAUSE NO. 3:24-CV-187-HAB-ALT

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion seeking a temporary restraining order compelling the Warden to provide him with safe drinking water and food during lockdowns. ECF 307. He alleges that he was placed on lockdown on November 1, 2025, and had access to drinking water from filtered water fountains until November 6. He alleges that, on November 7 and November 8, he had access to only drinking water from his cell, which caused him to suffer "severe headaches, diarrhea, weakness, dehydration, body pains, sweats, and gastrointestinal distress." He also alleges that, on November 7, he received a sack of ten slices of bread with the expectation that he would use them to make sandwiches that he would eat on November 8. Correctional staff took the bread slices when he complained that the bread was moldy but did not replace them. He received no additional food on November 8. As a result, he suffered "severe headaches, stomach pains, blurred vision, dizziness, and spasms." He further alleges that he could not obtain timely medical care on November 8 because correctional staff ignored his requests for assistance.

On November 17, 2025, the court observed that the motion for a temporary restraining order spanned only two days and ordered Mayberry to explain what occurred in the following days in an effort to assess whether injunctive relief was appropriate. ECF 309. On the same day, Mayberry notified the court that the lockdown had ended on November 10, 2025. ECF 310. On November 20, 2025, Mayberry responded that the failure to provide adequate food and safe drinking water did not persist beyond November 8, 2025, and that correctional staff had provided him water from a filtered water fountain during the evening of November 8, 2025. ECF 311. While the quality of water in his cell has improved with respect to visibility and odor, he still suffered "headaches, cramps, diarrhea, dry mouth, and sweats" after drinking it.

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, the issuance of an injunction is committed to the "sound discretion" of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). "The standards for granting a temporary restraining order and a preliminary injunction are the same." *Cassell v. Snyders*, 458 F. Supp. 3d 981, 990 (N.D. Ill. 2020).

As an initial matter, the court declines to grant a temporary restraining order. Temporary restraining orders are issued without written or oral notice to the adverse party. Fed. R. Civ. P. 65(b)(1). The court has already determined that additional information is necessary to assess the appropriateness of injunctive relief, and the lockdown has now ended. Consequently, the court will instead construe the motion as a motion for a preliminary injunction going forward.

Next, though Mayberry may not have received an adequate amount of edible food for November 8, 2025, this particular type of deprivation appears to be an isolated incident for Mayberry that lasted only one day. There is no suggestion that the incident is likely to recur, so the court cannot find that Mayberry is likely to suffer irreparable harm of this nature absent preliminary relief. As a result, the court denies the motion for a preliminary injunction with respect to the food-related allegations.

By contrast, the deprivation of safe drinking water, though also relatively brief, is part of a broader pattern. Mayberry has now raised this concerns in the amended complaint and in two other motions for preliminary injunctive relief. ECF 106-1; ECF 133, ECF 211. According to Mayberry, these deprivations routinely occur during lockdowns, which are fairly frequent. The court appreciates the Warden's prior effort to resolve this issue by promptly testing the water in Mayberry's cell, but Mayberry's recent allegations suggest that that effort was unsuccessful. Consequently, the court will order the Warden to respond to the motion for a preliminary injunction with respect to the water-related allegations. Given the recurring nature of this issue, the Warden's

response should explain how the Warden will ensure that Mayberry has safe drinking water or other suitable liquid beverages[1] during lockdowns going forward.

For these reasons, the court:

(1) CONSTRUES ECF 307 as a motion for a preliminary injunction;

(2) DENIES the motion for a preliminary injunction (ECF 307) with respect to the food-related allegations; and

(3) ORDERS the Warden to respond to the motion for a preliminary injunction with respect to the water-related allegations by December 17, 2025.

SO ORDERED on November 24, 2025.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

---

[1] Mayberry's filings suggest that he would accept milk, juice, and perhaps other beverages as at least a partial substitute for safe drinking water.