UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                           CAUSE NO. 3:24-CV-187-HAB-ALT

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion for leave to file a third amended complaint. ECF 357. At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Mayberry currently proceeds on the following claims:

(1) An Eighth Amendment claim for damages against Theresa Johnson, Wayne Peeples, Ron Neal, Christina Reagle, Lloyd Arnold and Supervisor Greer in their individual capacities for serving him rotten fruit and vegetables and for failing to provide safe drinking water;

(2) An Eighth Amendment claim for damages against Aramark for maintaining a policy or practice of serving him rotten fruit and vegetables and failing to provide safe drinking water;

(3) An Establishment Clause claim for damages against IDOC Religious Director David Liebel, Warden Neal, Theresa Johnson, Wayne Peeples, Christina Reagle, Lloyd Arnold, and Supervisor Greer in their individual capacities for failing to provide celebratory feasts from 2023 through March 2025 for Islamic holidays on par with those provided for Christian and Jewish holidays to the extent required by the Establishment Clause;

(4) A Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Warden Ron Neal in his official capacity for injunctive relief to obtain a diet that complies with his sincere religious belief to regularly consume halal meat from herbivorous animals and to eat food prepared only by Muslims; and

(5) A RLUIPA claim against Warden Ron Neal in his official capacity for injunctive relief to be able to celebrate the Muslim holidays of Eid al-Fitr and Eid ul-Adha as required by his sincere religious beliefs.

ECF 158. He now seeks to amend his complaint for a third time to add the following claims:

(1) A retaliation claim against the Warden for instructing correctional staff not to give him filtered water in retaliation for filing this action;

(2) Additional claims against the Aramark defendants for providing him with inadequate nutrition during Ramadan from 2023 through 2026, including a policy-or-practice claim against the Aramark defendants; and

(3) A claim under the Indiana Religious Freedom and Restoration Act.

ECF 357.

Significantly, on December 9, 2025, the court entered an order denying Mayberry's motion to rescreen the second amended complaint.[1] ECF 329. The court

---

[1] In the pending motion to amend, Mayberry falsely attests, "The court has not yet ruled on my motion to re-screen (*See* ECF 213) including its supplement (*See* ECF 227)." The court has previously

found that it did not err by relying on Mayberry's attestations that he sought merely to extend his existing claims to other defendants and through March 2025 when screening the second amended complaint. *Id.* The court also found that the motion to rescreen could be construed as another motion to amend the complaint but declined to grant leave due to the advanced stage of the proceedings and the prior amendments to his complaint. *Id.*

Four months have passed since that ruling, and the court's concerns about amending the complaint at this late stage now apply with even greater force. This case is now two years old, and the parties have been engaged in discovery since August 2024. The parties have exchanged a substantial amount of discovery material, and the discovery stage is now drawing to a close. ECF 317, ECF 318, ECF 350. Allowing Mayberry to amend his complaint in this manner would prejudice the defendants by requiring them to assess their defenses to the new claims, including the exhaustion of administrative remedies, which, if asserted, would substantially delay the resolution of this aging case. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) ("We emphasize that in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved."). It would also require the defendants to investigate a new set of claims and to engage in additional discovery after they have already responded to seven rounds of Mayberry's discovery requests.[2] Further, though some of

---

cautioned Mayberry against misrepresenting the actions of the court (ECF 309), and the court does so again here.

[2] On January 14, 2026, Mayberry served a Seventh Set of Requests for Productions on the defendants, which suggests that he has now served seven rounds of written discovery. ECF 332.

his proposed new claims are based on recent fact allegations, Mayberry could have asserted some of the proposed new claims in his prior complaints. The court also has an interest in resolving this case within a reasonable period of time. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). As a result, the court denies the motion to amend.

Next, Mayberry filed a motion for a preliminary injunction, asserting that the defendants are providing him with food that is not prepared by Muslims as required by his religious beliefs. ECF 356. However, the court denied a substantially similar motion for a preliminary injunction on January 14, 2025, and Mayberry provides no new arguments or evidence to suggest a different outcome is appropriate now. ECF 44.

In the motion for a preliminary injunction, Mayberry also asserts that he skips lunch in observance of Ramadan, and the defendants are providing him with inadequate nutrition by failing to supplement his meals to make up for the food he declined to eat at lunch. This portion of the motion appears to assume that the court would grant the motion for leave to amend the complaint. However, the court denied the motion, so the court cannot grant this request for injunctive relief because it is unrelated to the claims in this case. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Thus, a party

moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Therefore, the court denies the motion for a preliminary injunction.

Mayberry filed a motion notifying the court of the Warden's purported misrepresentations in prior filings. ECF 355. However, this motion does not appear to seek a court order or other action, and the court is generally aware of the filings in every case, so the court will deny it as unnecessary.

For these reasons, the court:

(1) DENIES the motion to amend (ECF 357);

(2) DENIES the motion for a preliminary injunction (ECF 356); and

(3) DENIES as UNNECESSARY the motion to take notice (ECF 355).

SO ORDERED on March 9, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT