UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

Plaintiff,

v.

RON NEAL, et al.,

Defendants.

CAUSE NO. 3:24-CV-187-HAB-ALT

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion for a temporary restraining order in connection with religious dietary accommodations. ECF 421. "The standards for granting a temporary restraining order and a preliminary injunction are the same." *Cassell v. Snyders*, 458 F. Supp. 3d 981, 990 (N.D. Ill. 2020). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). However, a temporary restraining order differs from a motion for a preliminary injunction in that it is issued without notice to the opposing party and ordinarily expires within fourteen days. *See* Fed. R. Civ. P. 65(b).

Mayberry proceeds in this case against eight defendants on claims for damages and injunctive relief in connection with his diet at the Indiana State Prison. ECF 158. Most pertinently to the pending motion, he proceeds on a claim against Warden Ron Neal in his official capacity for injunctive relief to obtain a diet that complies with his sincere religious belief to regularly consume halal meat from herbivorous animals and to eat food prepared only by Muslims to the extent required by the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

In this motion for a temporary restraining order, Mayberry specifically seeks a diet with halal-certified meat and halal water. As an initial matter, Mayberry does not explain why a temporary restraining order would be appropriate given that the Warden appeared in this case more than two years ago and when his motion does not contemplate an expiration date. Further, the court denied a similar request for injunctive relief on January 14, 2025. ECF 44. In that order, the court denied the request, finding that the Warden had credibly asserted that accommodating Mayberry's requests with respect to halal food would incur significant burden and expense, including increased security concerns and its harmful effects on the administration of food to other inmates. In the recently filed motion, Mayberry offers no new evidence or legal arguments relating to burden and expense that his proposed accommodation for halal food would impose. Consequently, the court declines to grant Mayberry injunctive relief with respect to halal food.

Mayberry also argues that he is entitled to a temporary restraining order with respect to halal water, which he defines as water that has not been contaminated with

products that are haram. However, he offers no details with respect to his access to drinking water or how this access falls short of satisfying his religious needs. Therefore, the court also declines to grant a temporary restraining order with respect to halal water.

For these reasons, the court:

(1) DENIES the motion for a temporary restraining order (ECF 421); and

(2) DENIES the motion to waive bond (ECF 422).

SO ORDERED on July 31, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT